## LIVINGSTON v. BIRD.

Where a sum more than is just is included in an obligation by mistake, it is not usury and will not vitiate it.

ACTION on bond. The defendant on the second day of the sitting of the County Court filed his bill, complaining, that a

sum was included in and secured by said bond for loan and forbearance over the lawful interest, at 6 per cent, etc. and praying that the court would proceed as a court of chancery to inquire into the facts, and to render judgment agreeable to the law in such case provided; this cause came on to trial before this court upon said bill, said Livingston being dead, and the action prosecuted by his executors.

The defendant was offered to testify to the truth of the bill, which was objected to, and by the court not admitted; the statute is, " that in such case the court is directed and empowered to proceed in searching out the truth of such complaint, as a court of chancery, by examining the parties upon oath or in any other way proper to a court of equity." Courts of chancery do not admit parties to be witnesses in their own causes, any more than courts of law; and it would be peculiarly unsafe, in this case to admit the defendant, as the original plaintiff is dead. But the defendant might have appealed to the conscience of the plaintiff had he been living, to have disclosed the truth on oath; and this seems to be the meaning of the statute which says, " and if the plaintiff shall refuse to be examined upon oath, his action shall be non-suited," etc. and the plaintiff may by his answer to the bill appeal to the defendant's conscience to disclose upon oath, the truth respecting the bill and answer.

The defendant then moved to prove his complaint by common law evidence, which was allowed by the court; and although a large sum appeared to have got into the bond more than was just, yet being taken by the late John Canfield, Esq. attorney to said Livingston, without any particular directions from said Livingston, who also was dead, the court were of opinion that it was included by mistake, and negatived the defendant's bill, and continued the cause to give the defendant an opportunity to prefer his petition in chancery, to have said mistake set right.

In January A. D. 1792, Bird brought a petition in chancery, against the executors of said Gilbert Livingston; stating, that in A. D. 178 he gave a bond for £200 to said Gilbert,

being for the balance due on a former bond, and by mistake in casting the interest and the payments, said bond includes more than £100 too much, and prays to have the error corrected. The court upon hearing the cause found that by mistake, said bond included more than was just the sum of £132 8s. 2d. New York money; and that said executors recover on said bond no more, than the just sum and the interest upon it.

The executors of Livingston afterwards brought their petition of review to the Superior Court in January A. D. 1793, stating, that they had discovered new evidence, whereby it appeared, that said former decree was founded on a mistake altogether, and that the bond complained of was right and just.

The facts in this petition were agreed by the parties, and the court, instead of opening said former decree and admitting the executors to recover this sum at law upon said bond, ordered and decreed said Bird to pay said sum of £132 8s. 2d., York money, and interest; and that execution go for the same: A caution against listening too readily to suggestions against persons who are deceased, and against debts deliberately secured by written obligations.